**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

JOHN CLARK, CASE NO.: 15-cv-81592

Plaintiff,

v.

MICHAEL LIEBERMAN, and
MIKE'S ACCURATE AUTOMOTIVE, INC.,

Defendants.
_______________________________________________/

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff, John Clark (the "Plaintiff"), by and through counsel, pursuant to 28 U.S.C. § 1447(c), seeks entry of an order remanding this cause back to state court and states:

1. On October 8, 2015, the Plaintiff filed a complaint in state court for several common law claims, including breach of contract, promissory estoppel, unjust enrichment, and fraud.

2. On November 12, 2015, the Plaintiff filed an amended complaint. The amended complaint added a claim under the Fair Labor Standards Act (the "FLSA").

3. On November 20, 2015, Defendants, Michael Lieberman and Mike's Accurate Automotive, Inc., (collectively, the "Defendants") removed this action from state court [Doc. No. 1].

4. The Defendants claim that the Plaintiff's FLSA claim created federal question jurisdiction over the entire matter.

5. The FLSA claim was added in an abundance of caution to ensure at least minimal compensation for the Plaintiff in event the Plaintiff cannot prove the necessary elements of his State law claims.

6. However, concurrently with the filing of the instant motion, the Plaintiff has filed a second amended complaint, which omits the FLSA claim. *See* Second Amended Complaint attached as Exhibit A.

7. If the counsel for the Defendants had contacted the undersigned prior to seeking removal, the undersigned would have amended to the complaint to omit the FLSA claim without the necessity of involving this Court.

8. In any event, the Plaintiff's only remaining claims are based entirely on Florida law. Consequently, the Court no longer has federal question jurisdiction over this matter.

9. Additionally, no diversity jurisdiction exists since the Plaintiff and the Defendants are all citizens of Florida.

10. Nevertheless, in its Notice of Removal [Doc. No. 1], the Defendants additionally claim that they have a potential federal defense involving a prior bankruptcy filed by the Plaintiff.

11. However, "even if Defendant has a valid defense to Plaintiffs' state law claim, *which requires reference to federal law*, this does not mean that Plaintiffs' claims 'arise under' the Constitution or the laws of the United States." *Chandler v. Cheesecake Factory Rests., Inc.*, 239 F.R.D. 432, 437 (M.D.N.C. 2006) (emphasis added).

12. Consequently, even if the Defendants' federal defense were valid, which the Plaintiff disputes at this time, that defense would not confer this Court with jurisdiction over the matter.

13. For the following reasons, this matter must be remanded back to state court.

**MEMORANDUM OF LAW**

A state court action may be removed to federal court if it qualifies as a "civil action . . . of which the district courts of the United States have original jurisdiction," unless Congress

expressly provides otherwise. 28 U.S.C. § 1441(a). In this case, in support of removal, the Defendants invoked, the district courts' original federal question jurisdiction over "[a]ny civil action . . . founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). However, in actions removed from state-court, "*[i]f at any time before final judgment* it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1441(c) (emphasis added).

"Thus Congress mandated that the district court remand the action if at any time before final judgment the basis for federal jurisdiction ceases to exist, *irrespective of whether removal was proper at the time it was made*." *Villano v. Kohl's Dep't Stores, Inc.*, 362 F. Supp. 2d 418, 420 (S.D.N.Y. 2005) (emphasis added). "As the party seeking removal, Defendant bears the burden of proving the existence of subject matter jurisdiction." *Chandler*, 239 F.R.D. at 436. "If jurisdiction is doubtful, a remand is necessary." *Id.* "To scrupulously confine removal jurisdiction, federal courts have fashioned a presumption in favor of remand to state court." *Harris Corporation v. Kollsman, Inc.*, 97 F. Supp. 2d 1148, 1151 (M.D. Fla. 2000) (citations omitted). "Additionally, the burden of persuasion rests upon the removing party, and all doubts as to the propriety of removal are resolved in favor of remand." *Id.*

**I. Remand is Required Since the Second Amended Complaint does not Raise a Federal Question and the Plaintiff may Decide not to Invoke a Federal Right**

"Pursuant to 28 U.S.C. § 1331, federal question jurisdiction exists when a plaintiff's cause of action "arises under" federal law." *Chandler*, 239 F.R.D. at 436. Under the so-called, well-pleaded complaint doctrine, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Furthermore, the plaintiff is master of his complaint and can determine whether he will bring suit 'arising under' state or federal law." *Chandler*, 239 F.R.D. at 436 (quotation omitted). Under the well-pleaded complaint rule, then, *federal courts do not have*

*jurisdiction over state law claims simply because the defendant may or does assert a federal defense*. *Caterpillar Inc.*, 482 U.S. at 393. Therefore, in determining whether the claims "arise under" the Constitution or the laws of the United States, *the court must examine the allegations in the complaint and ignore potential defenses*. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

"If the plaintiff decides not to invoke a federal right, his claim belongs in a state court." *Segal v. Varonis Sys.*, 601 F. Supp. 2d 551, 553 (S.D.N.Y. 2009) (*quoting Pan American Petroleum Corp. v. Superior Court of Delaware*, 366 U.S. 656, 663 (1961)). "In judging the allegations of the plaintiff's complaint, it must be kept in mind that the plaintiff is the master of his own claim, and may choose not to assert a federal right that is available and instead rely on state law." *Sanchez v. Trs. of the Pension Plan*, 419 F. Supp. 909, 911 (M.D. La. 1976) (quotation omitted). *See also Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 50 (7th Cir. 1995) (holding that when the complaint is amended to drop the jurisdiction-conferring claim, there can be no supplemental jurisdiction based on a claim in the original complaint).

Here, the Court does not have jurisdiction over the Plaintiff's complaint. The gravamen of the Plaintiff's claims center around a breach of a verbal contract to form a partnership. The Plaintiff alternatively seeks recovery based on promissory estoppel, unjust enrichment, and fraud. The FLSA claim was added as an afterthought and as a fall back. However, in order to proceed in the forum of his choice, the Plaintiff has chosen to omit any claim under the FLSA in his amended complaint. *See* Ex. A. Consequently, the Plaintiff's complaint no longer raises any claim creating federal question jurisdiction. Therefore, the instant action must be remanded back to state court since this Court does not have jurisdiction over the Plaintiff's amended complaint.

**II. <u>The Possible Existence of a Federal Defense does not Create Sufficient Jurisdiction for Removal</u>**

"We have long held that 'the presence or absence of federal-question jurisdiction is

governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) (quotation omitted). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Id.* "*Thus, 'a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case*.'" *Id.* (emphasis added) (*quoting Franchise Tax Bd. of Cal. v. Construction Laborers*, 463 U.S. 1, 14 (1983)). *See also Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (emphasis added) ("[I]t is well established that a defendant may not evade this rule *by raising a federal question in its responsive pleadings and then attempting to remove on that basis*.")

In *Rivet*, the removing party asserted an affirmative-defense of preclusion. *Rivet*, 522 U.S. at 473. The preclusion defense was based on prior bankruptcy court orders. *Id.* Although the removing party cited § 1331, and not § 1334, for federal jurisdiction, the case involved the consideration of prior bankruptcy court orders. *Id.* The Fifth Circuit affirmed the district court's denial of a motion to remand. *Id.* However, the Supreme Court reversed. *Id.* The Court considered whether preclusion based on a federal court order became subsumed by the complaint. *Id.* at 476. The Court concluded that it did not. *Id.* at 477. Preclusion, even if based on a federal court order, is an affirmative defense and, as such, cannot be used to create a federal question. *Id.* at 478. The Court held "claim preclusion by reason of a prior federal judgment is a defensive plea that provides no basis for removal under § 1441(b)." *Id.* "*Such a defense is properly made in the state court proceedings, and the state court's disposition of it is subject to this Court's ultimate review*.'" *Id.* (emphasis added).

Here, there is no federal question presented on the face of the Plaintiff's amended

complaint. Consequently, the instant case must be remanded on this basis alone. Nevertheless, in its Notice of Removal [Doc. No. 1], the Defendants claim they have a potential federal defense stemming from the Plaintiff's prior bankruptcy. While it is true that the Constitution grants the federal government exclusive jurisdiction over bankruptcy, as the above-cited precedent makes clear, an affirmative defense, even if based on federal law or a federal court order, does not create federal question jurisdiction allowing removal. Therefore, since there is no federal question raised by the complaint and the Defendants' potential federal defense does not raise a federal question, the instant action must be remanded back to state court.

**WHEREFORE**, the Plaintiff respectfully requests that the Court remand this case back to the Fifteenth Judicial Circuit Court of Palm Beach County, Florida in accordance with the requirements of 28 U.S.C. § 1447(c), and grant any other relief deemed just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically on November 13, 2015 on all counsel or parties of record.

Respectfully submitted by,

MICHAEL GULISANO, ESQUIRE
5613 NW 117th Ave.
Coral Springs, FL 33076
561-271-1678

/s/ Michael Gulisano
Michael Gulisano, Esquire
Florida Bar No.: 87573
gulisanomichael@gmail.com